# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

BRIAN TIMOTHY DONAHUE,

        Plaintiff,

v.                                      Case No:   6:22-cv-2191-ACC-LHP

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant

---

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

Brian Timothy Donahue ("Claimant") appeals the final decision of the Commissioner of Social Security ("the Commissioner") denying his applications for Supplemental Security Income ("SSI") and disability insurance benefits ("DIB"). Doc. No. 1.   Claimant raises two arguments challenging the Commissioner's final decision, and based on those arguments, requests that the matter be reversed for an award of benefits, or in the alternative, remanded for further administrative proceedings.   Doc. No. 15.   The Commissioner asserts that the decision of the Administrative Law Judge ("ALJ") is supported by substantial evidence and should be affirmed.   Doc. No. 16.   For the reasons discussed herein, it is **RESPECTFULLY**

**RECOMMENDED** that the Commissioner's final decision be **REVERSED** and **REMANDED** for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g).

## I.   PROCEDURAL HISTORY.

On February 13, 2017, Claimant filed applications for SSI and DIB, alleging that he became disabled on November 25, 2016.   R. 26, 210, 217.[1]   His claims were denied initially and on reconsideration, and Claimant requested a hearing before an ALJ.   R. 123, 127, 138, 143, 150.   A hearing was held before the ALJ on May 3, 2019, at which Claimant was represented by an attorney.   R. 42–62.   Claimant and a vocational expert ("VE") testified at the hearing.   *Id.*

After the hearing, the ALJ issued an unfavorable decision finding that Claimant was not disabled.   R. 26–36.   Claimant sought review of the ALJ's decision by the Appeals Council.   R. 203–09.   On April 22, 2022, the Appeals Council denied the request for review, but Claimant was granted an extension of time to file a civil action.   R. 1–22.   Claimant now seeks review of the final decision of the Commissioner by this Court.   Doc. No. 1.

---

[1] The "Application Summary for Disability Insurance Benefits" states that Claimant applied for benefits on February 14, 2017; the "Application Summary for Supplemental Security Income" states that Claimant applied for benefits on February 21, 2017; and the ALJ's decision states Claimant filed both applications on February 13, 2017.   R. 26, 210, 217.   For consistency, and because the application date is not dispositive of this appeal (as under any of these dates the same set of regulations applies), the undersigned utilizes the application date stated by the ALJ:   February 13, 2017.

## II.    THE ALJ'S DECISION.[2]

After careful consideration of the entire record, the ALJ performed the five-step evaluation process as set forth in 20 C.F.R. §§ 404.1520(a), 416.920(a).   R. 26–36.[3]   The ALJ first determined that Claimant met the insured status requirements of the Social Security Act through December 31, 2021.   R. 28.   The ALJ also found that Claimant had not engaged in substantial gainful activity since November 25, 2016, the alleged disability onset date.   *Id.*   The ALJ further found that Claimant suffered from the following severe impairments:   anxiety disorder, depression, and lumbar degenerative disc disease with disc herniation.   *Id.*[4]   The ALJ

---

[2] Upon a review of the record, the undersigned finds that counsel for the parties have adequately stated the pertinent facts of record.   Doc. Nos. 15–16.   Accordingly, the undersigned adopts those facts by reference and only restates them herein as relevant to considering the issues raised by Claimant.

[3] An individual claiming Social Security disability benefits must prove that he or she is disabled.   *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005) (citing *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999)).   "The Social Security Regulations outline a five-step, sequential evaluation process used to determine whether a claimant is disabled: (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a residual functional capacity ('RFC') assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's RFC, age, education, and work experience."   *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citing *Phillips v. Barnhart*, 357 F.3d 1232, 1237 (11th Cir. 2004); 20 C.F.R. §§ 404.1520(a)(i)–(v), 416.920(a)(i)–(v)).

[4] The ALJ concluded that Claimant's impairments of hypertension, diabetes, obesity, and coronary artery disease were non-severe.   R. 29.

concluded that Claimant did not have an impairment or combination of impairments that met or equaled a listed impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1.   R. 29–31.

After careful consideration of the entire record, the ALJ found that Claimant had the residual functional capacity ("RFC") to perform light work as defined in the Social Security regulations,[5] except:

> avoiding concentrated exposure to pulmonary irritants and extreme heat and cold; avoiding climbing ladders, ropes and scaffolds and occasionally climbing ramps and stairs, balancing, stooping, kneeling, crouching and crawling.  He can perform simple tasks, avoiding interaction with the general public and occasionally interacting with coworkers in a setting where changes are infrequent and gradually introduced.

R. 31.   The ALJ found that Claimant was unable to perform past relevant work, including work as a school bus driver, automobile sales person, appliance sales person, or night auditor.   R. 34.   However, considering Claimant's age, education,

---

[5] The social security regulations define light work to include:

lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds.   Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls.   To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities.   If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

20 C.F.R. §§ 404.1567(b), 416.967(b).

work experience, and RFC, as well as the testimony of the VE, the ALJ concluded that there were jobs existing in significant numbers in the national economy that Claimant could perform, representative occupations to include routing clerk, merchandise marker, and mail sorter.   R. 34–35.   Accordingly, the ALJ concluded that Claimant had not been under a disability, as defined in the Social Security Act, from the November 25, 2016 alleged disability onset date through the date of the decision.   R. 35.

## III.   STANDARD OF REVIEW.

The Court has jurisdiction to review the decision of the Commissioner pursuant to 42 U.S.C. § 405(g), as adopted by reference in 42 U.S.C. § 1383(c)(3). The scope of the Court's review is limited to determining whether the Commissioner applied the correct legal standards and whether the Commissioner's findings of fact are supported by substantial evidence.   *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011).   The Commissioner's findings of fact are conclusive if they are supported by substantial evidence, 42 U.S.C. § 405(g), which is defined as "more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion."   *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997).

The Court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the Commissioner's decision, when determining

whether the decision is supported by substantial evidence.   *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995).   The Court may not reweigh evidence or substitute its judgment for that of the Commissioner, and, even if the evidence preponderates against the Commissioner's decision, the reviewing court must affirm if the decision is supported by substantial evidence.   *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983).

## IV.   ANALYSIS.

Claimant raises two assignments of error in this appeal:   (1) the ALJ's RFC determination is not supported by substantial evidence because the ALJ erred in her consideration of the medical opinions of Claimant's treating physician, Blanca Luna, M.D.[6]; and (2) the ALJ's consideration of Claimant's credibility and subjective complaints of pain was insufficient.   Doc. No. 15.   For the reasons discussed herein, the undersigned finds Claimant's first assignment of error dispositive of this appeal.

An individual claiming Social Security disability benefits must prove that he or she is disabled.   *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005) (citing *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999)).   At the fourth step of the

---

[6] The record and the parties inconsistently refer to this physician as "Dr. Blanca Luna" or "Dr. Luna Blanca."   Doc. Nos. 15, 16; R. 33.   However, a review of the record demonstrates that the physician's name is "Dr. Blanca Luna," *e.g.*, R. 671, and the undersigned will refer to her as such.

sequential evaluation process, the ALJ must determine Claimant's RFC.   *Phillips v. Barnhart*, 357 F.3d 1232, 1238 (11th Cir. 2004), *superseded on other grounds by* 20 C.F.R. § 404.1520c.   "[T]he regulations define RFC as that which an individual is still able to do despite the limitations caused by his or her impairments," which includes consideration of "all the relevant medical and other evidence in the case."   *Id.* (citations and quotations omitted).

In determining a claimant's RFC, the ALJ must consider all relevant evidence, including the medical opinions of treating, examining, and non-examining medical sources.   *See* 20 C.F.R. §§ 404.1545(a)(3), 416.945(a)(3).   The ALJ must consider a number of factors when weighing medical opinions, including:   (1) whether the physician examined the claimant; (2) the length, nature, and extent of the physician's relationship with the claimant; (3) the medical evidence supporting the physician's opinion; (4) how consistent the physician's opinion is with the record as a whole; and (5) the physician's specialization.   *Id.* §§ 404.1527(c), 416.927(c).   A treating physician's opinion must be given substantial or considerable weight, unless good cause is shown to the contrary.   *See id.* §§ 404.1527(c)(2), 416.927(c)(2) (giving controlling weight to the treating physician's opinion unless it is inconsistent with other substantial evidence).[7]

---

[7] Although the SSA regulations were amended effective March 27, 2017, the new regulations apply only to applications filed on or after that date.   *See* 20 C.F.R. §§ 404.1520c, 416.920c.   Because Claimant filed his applications for benefits prior to March

The ALJ must state the weight assigned to each medical opinion, and articulate the reasons supporting the weight assigned.   *Winschel*, 631 F.3d at 1179. The failure to state the weight with particularity or to articulate the reasons in support of the assigned weight may prevent the Court from determining whether the ALJ's ultimate decision is rational and supported by substantial evidence.   *Id.*

Here, Claimant argues that the ALJ erred in her consideration of the opinions of Dr. Blanca Luna, specifically the opinions in a Physical Residual Capacity Questionnaire and a Mental Impairment Questionnaire completed jointly by Tina Gaskin, APRN-BC, and Dr. Luna on April 27, 2019.   Doc. No. 15, at 16–18.   *See* R. 702–08 (Exhibit 14F).[8]   From a review of the record, it appears that APRN Gaskin and Dr. Luna are associated with Claimant's primary care facility, Century Clinical Family Medicine, LLC, although there is only one other medical record from APRN Gaskin, under the supervision of Dr. Luna, contained in the record.   *See* R. 671–74. In the Physical Residual Capacity Questionnaire and Mental Impairment Questionnaire, Dr. Luna diagnosed Claimant with cervical disc disorder with myelopathy and intervertebral disc disorders with myelopathy-lumbar, stated that

---

27, 2017, the rules in 20 C.F.R. §§ 404.1527 and 416.927 govern here.

[8] *See also Hargett v. Comm'r of Soc. Sec.*, 964 F.3d 546, 553 (6th Cir. 2020) ("[A] treating physician may adopt or ratify the opinion of a non-treating source by providing a signature."); *Edwards v. Colvin*, No. 5:12CV124/EMT, 2013 WL 4041605, at *3 & n.7 (N.D. Fla. Aug. 8, 2013) (considering treatment records signed by both ARNP and by treating physician or someone else on treating physician's behalf as adopted by/concurred with by treating physician).

Claimant's prognosis was "progressive decline," and listed Claimant's medications, to include NSAIDs, antianxiety, antidepressant, and antiseizure medications, which "individually or together has profound side effects and affects on [Claimant's] cognition, balance, and vision."   R. 702.   Dr. Luna noted Claimant's tenderness in the cervical and lumbar region, antalgic gait, difficulty sitting down and getting up, decreased range of motion secondary to pain, lethargy, loss of concentration, and agitation.   *Id.   See also* R. 704.   Dr. Luna further noted Claimant's subjective claims of pain levels.   R. 702.   Among other things, Dr. Luna opined that Claimant could sit and stand for 10 minutes at a time; sit less than 2 hours per workday; walk or stand less than 2 hours per workday; needed to stand and walk around for 10 minutes per hour of a workday; and needed to be able to shift positions (sitting to standing/walking) at will.   R. 703.   Dr. Luna further opined that Claimant was "unable to meet the competitive standards" based on his medical history and examination, in specific areas regarding mental abilities and aptitudes needed to perform unskilled work.   R. 705, 706.   "Unable to meet competitive standards" was defined on the Questionnaire as the inability to "satisfactorily perform this activity independently, appropriately, effectively and on a sustained basis in a regular working setting."   R. 705.   Dr. Luna also opined that Claimant's impairments would require him to be absent from work, on average, more than four days per month.   R. 708.

In the decision, the ALJ considered these opinions as follows:

The undersigned also reviewed the medical source statement, authored by the claimant's primary care provider, Dr. Luna Blanca, dated April 27, 2019 (Exhibit 14F).  The undersigned assigns this statement little weight, as the assessment appears mostly based on the claimant's subjective statements about his symptoms and pain. Further, the extreme limitations provided for in Dr. Blanca's assessment contradict the mostly mild medical evidence of record and the claimant's discharge from mental treatment after failing to attend scheduled appointments (*See* Exhibits 3F - 13F).  The undersigned notes that Dr. Blanca's statements on issues reserved to the Commissioner, including whether the claimant cannot work and is disabled, are inherently neither valuable nor persuasive, in accordance with 20 CFR 404.1520b(c) and 416.920b(c).

R. 33.   Thus, the ALJ provided three reasons to give little weight to the opinions in the Physical Residual Capacity Questionnaire and a Mental Impairment Questionnaire:   (1) the opinions were "mostly" based on Claimant's subjective complaints; (2) the opinions were inconsistent with the "mostly mild medical evidence of record and the claimant's discharge from mental health treatment"; and (3) Dr. Luna opined on issues reserved to the Commissioner.   *Id.*

Upon review, the undersigned agrees with Claimant that the ALJ failed to provide good cause reasons, supported by substantial evidence, to give little weight to Dr. Luna's opinions.   As to the ALJ's first justification, that the opinions were "mostly" based on Claimant's subjective complaints, the record does not support this statement.   Exhibit 14F contains several objective medical diagnoses and clinical findings, statements regarding the side effects of medications, and opinions

as to how the diagnoses, clinical findings, and side effects of medications would affect Claimant's ability to perform work-related activities.   *See* R. 702–08. Indeed, besides an answer to a question regarding the severity of Claimant's pain, R. 702, it is not otherwise facially apparent that the opinions set forth in Exhibit 14F were based on Claimant's subjective complaints.   *See id.*[9]   And notably, Exhibit 14F states that the opinions were based on Claimant's medical history and an examination.   R. 705.   *Cf. Guinta v. Comm'r of Soc. Sec.*, No. 6:18-cv-1064-Orl-DCI, 2019 WL 4140947, at *4 (M.D. Fla. Aug. 30, 2019) ("[T]he mere fact that Dr. Westfall's opinion largely coincided with Claimant's self-reported limitations does not, standing alone, establish good cause for discrediting Dr. Westfall's opinion.").

The second reason provided by the ALJ for rejecting Dr. Luna's opinions is conclusory.   The ALJ states the opinions were inconsistent with the "mostly mild medical evidence of record and the claimant's discharge from mental health

---

[9] The Commissioner does not argue otherwise in her response Brief; instead, it appears that the Commissioner argues that Dr. Luna's opinions were entitled to little weight because the record does not contain treatment notes to support Dr. Luna's opinions given that the record only contains one other medical record from Dr. Luna, and thus she was a one-time examining physician.   Doc. No. 16, at 8–9.   However, the ALJ did not rely on Dr. Luna's status as a one-time examining physician to reject Dr. Luna's opinions.   R. 33.   Moreover, the ALJ expressly refers to Dr. Luna as Claimant's primary care provider, *id.*, and there is one prior medical record as well as the two Questionnaires stating that they were based upon examination, R. 671–74, 702–08.   Thus, for purposes of this Report, the undersigned has considered Dr. Luna as a treating physician.   The Commissioner would not be precluded from further developing this issue on remand, to the extent appropriate.   *See Diorio v. Heckler*, 721 F.2d 726, 729 (11th Cir. 1983) (on remand the ALJ must reassess the entire record).

treatment," but does not identify what inconsistencies the ALJ perceived, fails to specify what medical records would be inconsistent with the various limitations to which Dr. Luna opined, and merely points to over 300 pages of records in support of that statement.   R. 33 (citing Exhibits 3F through 13F).   Without further explanation from the ALJ, it is impossible for the Court to determine whether the ALJ's decision to give little weight to Dr. Luna's opinions is supported by substantial evidence.  *See English v. Berryhill*, No. 6:17-cv-268-Orl-DNF, 2018 WL 4520355, at *5 (M.D. Fla. Sept. 21, 2018) (rejecting an argument that the ALJ's reasons were not conclusory where the ALJ provided a blanket citation to several treatment records for a finding that a treating physician's opinion was inconsistent with the records as it was unclear how the records were inconsistent with the physician's opinions; stating that "Courts in the Middle District of Florida have held that stating that a doctor's opinions are inconsistent with the record, without more, does not provide the good cause required to afford them little consideration").  *See also Thompson v. Saul*, No. 3:18-cv-606-J-JRK, 2019 WL 3928713, at *5 (M.D. Fla. Aug. 20, 2019) ("The ALJ's conclusory statement that Dr. Pulido's opinions are inconsistent with the 'evidence as a whole' and his citation to exhibits in general, without any page numbers, frustrates judicial review." (record citation omitted)); *Price v. Colvin*, No. 3:15-cv-1148-J-34MCR, 2016 WL 7888007, at *5 (M.D. Fla. Dec. 15, 2016), *report and recommendation adopted*, 2017 WL 238165 (M.D. Fla. Jan. 19, 2017) ("[C]onclusory

statements by an ALJ that an opinion is inconsistent or not bolstered by the medical record are insufficient to constitute good cause for rejecting a treating physician's opinion unless the ALJ articulates factual support for such a conclusion." (citations omitted)).   Indeed, an attempt now to determine what specific evidence the ALJ relied upon in finding the various opinions inconsistent with the record "would impermissibly require the Court to reweigh the evidence."   *See Borrero v. Comm'r of Soc. Sec.*, No. 6:15-cv-1558-Orl-DCI, 2017 WL 770665, at *3 (M.D. Fla. Feb. 28, 2017). Nor can the Court rely on the Commissioner's attempt to post hoc rationalize the ALJ's conclusions.   *See* Doc. No. 16, at 11–13.   *See also Dempsey v. Comm'r of Soc. Sec.*, 454 F. App'x 729, 733 (11th Cir. 2011) (a court will not affirm based on a post hoc rationale that "might have supported the ALJ's conclusion" (quoting *Owens v. Heckler*, 748 F.2d 1511, 1516 (11th Cir. 1984))).[10]

Finally, the ALJ rejected Dr. Luna's opinions to the extent that Dr. Luna opined on issues reserved to the Commissioner, "including whether the claimant cannot work or is disabled."   R. 33.   However, no such opinions explicitly appear in the Physical Residual Capacity Questionnaire and Mental Impairment Questionnaire.   *See* R. 702–08.   In her response Brief, the Commissioner attempts to provide clarity to the ALJ's statement by arguing that Dr. Luna's opinion that

---

[10] Unpublished opinions of the Eleventh Circuit are cited as persuasive authority. *See* 11th Cir. R. 36–2.

Claimant is "unable to meet the competitive standards" is an issue reserved to the

Commissioner, and thus is entitled to no weight.   Doc. No. 16, at 8.   But the

Commissioner provides citation to no legal authority demonstrating that "unable

to meet the competitive standards" equates to a statement that Claimant is

"disabled" or "unable to work."   Doc. No. 16, at 8.   *Cf.* 20 C.F.R. §§ 404.1527(d)(1),

416.927(d)(1). [11]   And even assuming that the Commissioner is correct that the

singular statement that Claimant is "unable to meet the competitive standards" is

an issue reserved to the Commissioner, this statement cannot be read in isolation,

for as discussed above, outside of Claimant's inability to meet competitive

standards, there are many other opinions set forth in Exhibit 14F regarding the

effect of Claimant's physical and mental impairments on Claimant's ability to

perform work-related activities, which the ALJ does not explicitly address.   *See* R.

703, 708 (opining to Claimant's limitations on walking, sitting, standing, and

average absenteeism from work).   *Cf. Dempsey*, 454 F. App'x at 733 (reversing

where the ALJ only addressed one portion of a medical opinion and did not address

another, noting that without an explanation by the ALJ as to the specific opinions

provided by the treating physician, the Court could not determine whether the

---

[11] The two cases cited by the Commissioner—*Bell v. Bowen*, 796 F.2d 1350, 1353–54 (11th Cir. 1986) and *Denomme v. Comm'r, Soc. Sec. Admin.*, 518 F. App'x 875, 878 (11th Cir. 2013)—do not specifically address this issue and instead address the general principle that a statement by a medical source that a claimant is "disabled" or "unable to work" is an issue reserved to the Commissioner.

decision was supported by substantial evidence).  *See also Spahiu v. Colvin*, No. 3:11-cv-1138-J-MCR, 2013 WL 828460, at *6 (M.D. Fla. Mar. 6, 2013) ("Even if a treating physician's opinion pertains to an issue reserved to the Commissioner (e.g. a statement that the claimant is unable to work or is disabled), the ALJ must still 'carefully consider' and 'never ignore' these opinions." (citing SSR 96–5p)).

Because the ALJ failed to provide good cause reasons, supported by substantial evidence, to give the opinions set forth in the Physical Residual Capacity Questionnaire and Mental Impairment Questionnaire less than controlling weight, the undersigned will respectfully recommend that this matter be reversed and remanded for further administrative proceedings.  *See Brown v. Soc. Sec. Admin., Commr*, No. 21-13336, 2022 WL 2840029, at *3 (11th Cir. July 21, 2022) ("Where the ALJ fails to state good cause to discount the opinions of a treating physician, we will reverse and remand." (quoting *Lewis*, 125 F.3d at 1440 ("The ALJ must clearly articulate the reasons for giving less weight to the opinion of a treating physician, and the failure to do so is reversible error."))).   Given that remand is warranted on this issue, the Court need not address Claimant's remaining assignment of error. *See id.* at *6 (declining to address remaining arguments where remand was required for failure to provide good cause reasons for rejecting opinion of treating physician). *See also Diorio v. Heckler*, 721 F.2d 726, 729 (11th Cir. 1983) (on remand the ALJ must reassess the entire record); *McClurkin v. Soc. Sec. Admin.*, 625 F. App'x 960, 963 n.3

(11th Cir. 2015) (no need to analyze other issues when case must be reversed due to other dispositive errors).

As a final matter, the undersigned notes that Claimant "requests that the decision of the Commissioner be reversed, and Disability Insurance benefits and Supplemental Security Income be granted to [Claimant] under the Social Security Act, or, in the alternative, the case be remanded to the Commissioner for further consideration and appropriate application of the law."   Doc. No. 15, at 24. Claimant provides no further argument or authority in support.   *See id.*   A reversal for an award of benefits is appropriate where the Commissioner has already considered the essential evidence and it establishes disability beyond a doubt, *Davis v. Shalala*, 985 F.2d 528, 534 (11th Cir. 1993), or where the claimant has suffered an injustice, *see Walden v. Schweiker*, 672 F.2d 835, 840 (11th Cir. 1982).   Here, neither the reason necessitating reversal nor the record establish that Claimant is disabled beyond a doubt, nor does Claimant argue injustice.   Accordingly, the undersigned respectfully recommends that the Court reject Claimant's request to remand the case for an award of benefits, and, instead, recommends remand of the matter for further proceedings so that the ALJ may address the issues identified in this Report and Recommendation.

## V.   RECOMMENDATION.

Upon   consideration   of   the   foregoing,   it   is   **RESPECTFULLY**

**RECOMMENDED** that the Commissioner's final decision be **REVERSED and REMANDED** for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g), and that the Clerk of Court be **DIRECTED** to enter judgment in favor of Claimant and against the Commissioner, and thereafter, to **CLOSE** the case.

## <u>NOTICE TO PARTIES</u>

A party has fourteen days from the date the Report and Recommendation is served to serve and file written objections to the Report and Recommendation's factual findings and legal conclusions.  Failure to serve written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.   11th Cir. R. 3-1.

Recommended in Orlando, Florida on September 18, 2023.

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy