# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

BRIAN TIMOTHY DONAHUE,

    Plaintiff,

v.                                         Case No:   6:22-cv-2191-ACC-LHP

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant

---

## ORDER[1]

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **UNOPPOSED MOTION FOR AWARD OF ATTORNEY FEES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT, 28 U.S.C. § 2412(d) (Doc. No. 20)**
>
> **FILED:** **January 2, 2024**

---

[1] The parties have consented to the exercise of jurisdiction by a United States Magistrate Judge for resolution of this motion, which consent has been approved by the presiding District Judge.  *See* Doc. Nos. 21–22.

> **THEREON** it is **ORDERED** that the motion is **GRANTED in part and DENIED in part**.

Plaintiff, through counsel of record, filed a complaint against the Commissioner of Social Security regarding the denial of his claims for disability benefits. Doc. No. 1. On October 4, 2023, the Court reversed and remanded the case to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g). Doc. No. 18; *see also* Doc. No. 17. Judgment was entered in favor of Plaintiff and against the Commissioner on October 6, 2023. Doc. No. 19.

By the present motion, Plaintiff seeks an award of attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). Doc. No. 20. Plaintiff requests a total of $6,502.65 in attorney's fees under the EAJA, for 27.9 hours of work performed by his counsel in 2022 and 2023. *Id.* at 1; Doc. No. 20-2, at 4–5. Plaintiff also appears to request that the Court authorize payment of the EAJA award directly to his counsel. Doc. No. 20, at 2; Doc. No. 20-3. The Commissioner does not oppose the motion. Doc. No. 20, at 3.

Upon consideration, and absent any objection from the Commissioner, the Court finds the request for fees pursuant to the EAJA well taken. Accordingly, the motion is due to be granted to the extent that it requests an award of $6,502.65 in attorney's fees under the EAJA. However, insofar as Plaintiff requests that the Court honor the assignment of the EAJA award directly to his counsel (Doc. No. 20-

3), the motion is due to be denied because Plaintiff has not demonstrated compliance with 31 U.S.C. § 3727(b).  *See Crumbley v. Colvin*, No. 5:13-cv-291 (MTT), 2014 WL 6388569, at *4–5 (M.D. Ga. Nov. 14, 2014); *Huntley v. Comm'r of Soc. Sec.*, No. 6:12-cv-613-Orl-37TBS, 2013 WL 5970717, at *5 (M.D. Fla. Nov. 8, 2013).

Accordingly, Plaintiff's Unopposed Motion for Award of Attorney Fees Pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d) (Doc. No. 20) is **GRANTED in part**, to the extent that Plaintiff is awarded a total of $6,502.65 in attorney's fees under the EAJA.   The motion is **DENIED** in all other respects.[2]

**DONE** and **ORDERED** in Orlando, Florida on January 4, 2024.

_____
LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

---

[2] The government may exercise its discretion to honor Plaintiff's assignment of attorney's fees awarded under the EAJA if the government determines that Plaintiff does not owe a federal debt, but the Court will not order the government to do so.