**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**BRIAN TIMOTHY DONAHUE,**

      **Plaintiff,**

**v.**                                                    **Case No.  6:22-cv-2191-ACC-LHP**

**COMMISSIONER OF SOCIAL**
**SECURITY,**

      **Defendant.**

---

**ORDER**

This cause comes before the Court on Plaintiff Brian Timothy Donahue's ("Claimant") Objection (Doc. 32) to the Magistrate Judge's Report and Recommendation ("R&R") (Doc. 31), filed on January 12, 2026.[1] For the reasons provided herein, this Court will adopt and confirm the Magistrate Judge's recommendation to award attorney's fees to Claimant's attorney Shea A. Fugate ("Attorney Fugate") pursuant to 42 U.S.C. § 406(b).

---

[1] Claimant's objection was improperly filed *pro se* because Claimant is represented by Attorney Shea Fugate who has not moved to withdraw. Parties generally do not have the right to simultaneously proceed *pro se* and with the benefit of counsel. *See* Middle District of Florida Local Rule 2.02(b)(3) ("(3) [i]f a lawyer represents a person in an action, the person can appear through the lawyer only."); *see United States v. Etienne*, 520 F. App'x 915, 917 (11th Cir. 2013) (citing *Cross v. United States*, 893 F.2d 1287, 1291–92 (11th Cir. 1990) ("[A]n individual does not have the right to hybrid representation.")); *United States v. Tannehill*, 305 F. App'x 612, 614 (11th Cir. 2008). Nonetheless, the Court will address Claimant's concerns.

## BACKGROUND

This case involves a social security appeal wherein Claimant initially disputed the Commissioner's finding that Plaintiff was not disabled. (Doc. 1). Claimant prevailed, and the Court reversed and remanded the Commissioner's underlying determination and ultimately entered judgment in favor of Claimant and against the Commissioner awarding Claimant disability benefits. (Docs. 18 and 19). On December 3, 2025, Claimant moved for attorney's fees pursuant to 42 U.S.C. § 406(b) ("Shea Fugate's Request for Authorization to Charge a   Reasonable Fee"). (Doc. 26). On January 12, 2026, Magistrate Judge Hoffman Price issued a Report and Recommendation (Doc. 31) recommending that the Court grant Shea Fugate's Request for Authorization to Charge a Reasonable Fee.

Attorney Fugate was not Claimant's original attorney but substituted in as counsel for Claimant on November 28, 2022. (Doc. 34 at 2). At the outset of Attorney Fugate's representation, Claimant and Attorney Fugate entered into a contingency fee agreement relating to this social security appeal. (Doc. 26-1). Pursuant to this agreement, Claimant agreed to pay Attorney Fugate 25% of the total amount of his past due benefits awarded in the event Attorney Fugate succeeded in the appeal. Attorney Fugate previously moved for an award of attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. Doc. 20. Attorney Fugate asserts that she has spent 27.9 hours on the case totaling $6,502.65, which

motion was granted by Magistrate Judge Hoffman Price. (Doc. 23). Following remand, Claimant was awarded $86,264.00 in past due benefits. (Docs. 26-2, 30-1). Attorney Fugate now moves pursuant to her contingency agreement with claimant seeking $15,063.35, pursuant to 24 U.S.C. § 406(b).

In the well-reasoned R&R, Magistrate Judge Hoffman Price found that Attorney Fugate was entitled to fees under § 406(b)—up to $21,566 (25% of the total benefits award). (Doc. 31 at 6–7). Attorney Fugate elected to deduct her previous EAJA award from the $21,566 amount (as required by the statute) and now seeks the remainder of $15,063.35. The R&R found that the amount sought by Attorney Fugate was reasonable because the parties entered into a contingency agreement, the amount of time spent was reasonable, the appeal was successful, and there was no evidence of delays. (*Id*. at 7). Additionally, the R&R considered that Attorney Fugate undertook significant risk of non-payment by taking this case on contingency. (*Id*.)

Claimant did not oppose the original motion but improperly filed a *pro se* objection to the R&R based on (1) unreasonable delay and failure to mitigate scheduling errors), (2) failure to comply with the administrative judge's request and neglect of counsel transition, (3) inadequate presentation of medical evidence, and (4) evidence of prior waiver and mandatory refund. (Doc. 32). While this Court has discretion to consider untimely arguments, it is not required to do so. *Williams v.*

- 3 -

*McNeil*, 557 F.3d 1287, 1292 (11th Cir. 2009) ("Thus, we answer the question left open in *Stephens* [*v. Tolbert*, 471 F.3d 1173, 1174 (11th Cir. 2006)] and hold that a district court has discretion to decline to consider a party's argument when that argument was not first presented to the magistrate judge."); *see also Knight v. Thompson*, 797 F.3d 934, 937 n.1 (11th Cir. 2015) (citing *Williams* for the proposition that "district courts have discretion to decline to consider arguments that are not presented to the magistrate judge"); *Lodge v. Kondaur Capital Corp.*, 750 F.3d 1263, 1274 (11th Cir. 2014) (citing *Williams* for the proposition that "a district court, in reviewing an R&R, has discretion to decline to consider a party's argument that was not first presented to a magistrate judge"). Here, Claimant's objections were untimely and need not be considered in affirming the R&R. Nonetheless, the Court briefly addresses them below.

## LEGAL STANDARD

In the Eleventh Circuit, a district judge may accept, reject, or modify a magistrate judge's report and recommendation after conducting a careful and complete review of the findings and recommendations. 28 U.S.C. § 636(b)(1); *Williams v. Wainwright*, 681 F.2d 732, 732 (11th Cir. 1982). A district judge must conduct a *de novo* review of the portions of a magistrate judge's report and recommendation to which a party objects. 28 U.S.C. § 636(b)(1)(C). The district judge "may accept, reject, or modify, in whole or in part, the findings or

- 4 -

recommendations made by the magistrate [judge]." *Id*. This requires that the district judge "give fresh consideration to those issues to which specific objection has been made by a party." *Jeffrey S. v. State Bd. of Educ.*, 896 F.2d 507, 512 (11th Cir. 1990) (citing H.R.R ep. No. 94-1609, *as reprinted in* 1976 U.S.C.C.A.N. 6162, 6163). A district judge reviews legal conclusions *de novo*, even in the absence of an objection. *See Cooper-Houston v. Southern Ry.*, 37 F.3d 603, 604 (11th Cir. 1994).

## DISCUSSION

Section 406(b) provides, in relevant part:

> Whenever a court renders a judgment favorable to a claimant . . . who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment[.]

As Magistrate Judge Hoffman Price explained in the R&R, the Court must approve the proposed fee even though there was an agreement as to the fee. (Doc. 31 at 4). However, an attorney cannot seek double recovery under both the EAJA and § 406(b). Instead, the attorney must elect to either deduct the amount of an earlier EAJA award or refund the claimant the smaller fee. *See Jackson v. Comm'r of Soc. Sec.*, 601 F.3d 1268, 1274 (11th Cir. 2010). The attorney must also demonstrate that the fees being sought are reasonable pursuant to outlined factors. Here, there is no objection to this legal framework as outlined in the R&R.

Magistrate Judge Hoffman Price properly recited the factors that bear on

- 5 -

reasonableness, which include "(1) the character of the attorney's representation and the result achieved; (2) the number of hours spent representing the claimant and the attorney's normal billing rate; (3) the risk involved in taking claimant's case on a contingency basis; and (4) whether the attorney was responsible for delaying the proceedings. (Doc. 31 at 5–6) (citing *Gisbrecht v. Barnhart*, 535 U.S. 789, 808 (2002); *McGuire v. Sullivan*, 873 F.2d 974, 981 (7th Cir. 1989); *McKee v. Comm'r of Soc. Sec.*, No. 6:07-cv-1554-Orl-28KRS, 2008 WL 4456453, at *5 (M.D. Fla. Sept. 30, 2008); *Yarnevic v. Apfel*, 359 F. Supp. 2d 1363, 1365 (N.D. Ga. 2005)).

Claimant did not address the first three factors. In his objection, Claimant focuses on isolated events occurring during the course of the litigation. Because the Court does not find any of these occurrences to have any impact on the Magistrate Judge's reasonableness finding, the Court will overrule the objections and adopt and confirm the R&R. Given that Claimant prevailed on remand, was awarded benefits with the assistance of Attorney Fugate's representation, and no specific prejudice or unreasonableness has been shown, the award of fees is proper. The Court also notes Attorney Fugate's risk in assuming the contingency and no objection to the specific hours spent on the case.

Claimant contends that Attorney Fugate unreasonably delayed his case because, on one occasion, a hearing was delayed due to a scheduling error. (Doc. 32). However, the attached email from Attorney Fugate explains that the scheduling

error "was their mistake" suggesting it had something to do with a court scheduling error.   (*Id*. at 3). In response, Attorney Fugate further explains that the hearing was mistakenly scheduled for a date the administrative judge was unavailable. (Doc. 34 at 4). There is no evidence that this delay was caused by Attorney Fugate or was otherwise unreasonable.

Claimant next claims that Attorney Fugate neglected his case because she failed to meet a deadline set by the administrative judge and failed to notify the Social Security Administration of the change in counsel. (Doc. 32 at 1). Claimant also argues that Attorney Fugate formed a new venture without informing him. (*Id*.) In response, Attorney Fugate disputes that there was a lack of communication with Claimant, reaffirms her continued representation of Claimant throughout, and asserts that the new partnership did not impact Claimant's case. (Doc. 34). Attorney Fugate points out that certain of the conduct cited by Claimant (the withdrawal and fee waiver) occurred prior to Attorney Fugate's representation and did not involve Attorney Fugate. (*Id*. at 2–3). Additionally, Attorney Fugate contends that there was an internal processing issue related to the prior firm's representation, which was what impacted the preparation of the award documentation. (Doc. 34 at 3–4). Claimant's assertions fail to establish that there was any unreasonable delay or a failure to communicate with Claimant that would justifying departing from the Magistrate Judge's reasonableness finding. (Doc. 32 at 4).

Claimant also asserts that "[c]ritical evidence from 2017 regarding [his] physical and mental health was overlooked or inadequately presented during the hearing, causing significant distress and a failure in advocacy." (Doc. 32 at 1). However, Claimant does not identify the evidence or explain how the lack of submitting the evidence was prejudicial.

Overall, Claimant's Objection identifies isolated matters of dissatisfaction with his representation, but does not amount to sufficient grounds for departing from the well-reasoned Order issued by Magistrate Judge Hoffman Price. Claimant has not shown that the award is overall unreasonable due to delay in proceedings, and the first three factors bearing on reasonableness clearly favor a finding of reasonableness. For these reasons, the Objection will be overruled.

Based on the foregoing, it is **ORDERED** as follows:

1.    Claimant's Objection (Doc. 32) to the Magistrate Judge's R&R, filed on January 26, 2026, is **OVERRULED**.

2.    The Report and Recommendation (Doc. 31), filed on January 12, 2026, is **ADOPTED and CONFIRMED** and made a part of this Order.

3.    Shea A. Fugate's Request for Authorization to Charge a Reasonable Fee and Memorandum on Reasonable Fees Pursuant to 42 U.S.C. § 406(b) (Doc. 26) is **GRANTED**. It is **ORDERED** that:

- 9 -

    a. Shea A. Fugate, Esq., is authorized to charge and collect from Claimant Brian Timothy Donahue the sum of $15,063.35; and

    b. Shea A. Fugate, Esq. shall provide a copy of the Court's order to Claimant Brian Timothy Donahue.

**DONE** and **ORDERED** in Chambers, in Orlando, Florida on February 23, 2026.

/s/ Anne C. Conway_____
Anne C. Conway
United States District Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties